IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RAY SPAN,

     Plaintiff,

v.                                        CASE NO. 1:21-cv-88-RH-GRJ

KELLY LOFLAND, et al.

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 1, Plaintiff's *pro se* Complaint. The Court previously granted Plaintiff leave to proceed as a pauper.  ECF No. 4.

On July 12, 2021, this Court advised Plaintiff that should he fail to timely file an Amended Complaint by July 23, 2021, or in the alternative, explain why amendment is unnecessary, his initial Complaint[1] would be subject to dismissal for lack of subject-matter jurisdiction, failure to state a claim, and failure to prosecute.  ECF No. 8. Because Plaintiff has failed to

_____

[1] In the Complaint, Plaintiff alleges only the following: "Nicole Gardner cause me stress giving me letters of threatening nature of extortion must be saying I am a man or my property did some harm or damages," ECF No. 1 at 3, and that "Nicole is trying to administrate my property without any right. I say I cause no man or woman any harm or my property cause any harm."  *Id.* at 4.  Plaintiff requested $402.00 in relief for "stress".  *Id.*

comply with that Order, it is respectfully recommended that this case be dismissed.

## Introduction

On May 11, 2021, Plaintiff filed a complaint on the Court's "Civil Rights Complaint Form To Be Used By Pro Se (Non-Prisoner) Litigants In Actions Under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983" against two private parties[2]. ECF No. 1.  Also, on May 11, 2021, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, ECF No. 2, which the Court granted on May 19, 2021.  ECF No. 4.

The Court screened[3] the Complaint on May 19, 2021, and promptly entered an order directing Plaintiff to file an Amended Complaint on or before June 18, 2021 to address several deficiencies in the initial Complaint.  ECF No. 5.  Namely, Plaintiff's initial complaint failed to assert a basis to invoke the Court's subject-matter jurisdiction because the parties

---

[2] Plaintiff is bringing his Complaint against two City of Gainesville employees, Kelly Lofland and Nicole Gardner, suing them in their individual capacity. ECF No. 1 at 2. Plaintiff states that Ms. Lofland is "clerk to special magistrate" and Ms. Gardner is "code officer." *Id.* Finally, Plaintiff gives the City of Gainesville's address (306 NE 6th Avenue) as defendants' mailing addresses. *Id.*

[3] Because Plaintiff applied to proceed *in forma pauperis*, or as a "pauper," this action is subject to the screening requirements of 28 U.S.C. § 1915(e). As such, the Court must dismiss a case at any time if it determines the case is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

are not diverse, and Plaintiff failed to state—under oath in the Complaint—

whether the "Basis for Jurisdiction" is a constitutional claim pursuant to 42

U.S.C. § 1983.  See ECF No. 1 at 2–3.  Additionally, Plaintiff failed to state

a cognizable constitutional claim against Defendants because his

allegations were conclusory.  *See id.* at 1, 4.

When Plaintiff failed to file an Amended Complaint or otherwise

respond to the screening order, the Court issued an Order to Show Cause

on June 29, 2021.  ECF No. 6.  The Court ordered "Plaintiff to file an

Amended Complaint on or before June 18, 2021, to address several

deficiencies in the initial Complaint, namely that it does not assert a basis

to invoke the Court's subject-matter jurisdiction and fails to state any

cognizable cause of action against the named Defendants."  *Id*. at 1. The

court further ordered:

> Plaintiff must show cause in writing on or before July 9, 2021,
> as to why this cause should not be dismissed for the reasons
> discussed in the Court's May 19, 2021, screening order for
> failure to prosecute. Plaintiff may discharge his obligation under
> this order by filing an Amended Complaint correcting the above-
> mentioned deficiencies. Failure to respond to this order within
> the time allotted will result in a recommendation to the district
> judge that this cause be dismissed.
>
> *Id.* at 2.

3

Plaintiff responded to the Show Cause order, stating that he is competent, that he wished to continue to raise his "trespass" claim, and that he demanded a trial by jury. ECF No. 7 at 1. That response did not address the deficiencies in the Complaint that were discussed in the Court's screening order, ECF No. 5, nor did it explain Plaintiff's failure to respond to the order. *See* ECF No. 7 at 1.

Because Plaintiff is proceeding *pro se*, on July 12, 2021, the Court gave him one last opportunity to file an Amended Complaint that remedied the above-mentioned deficiencies. ECF No. 8. To assist Plaintiff in doing so, the Court provided him with an additional copy of the May 19, 2021, screening order, ECF No. 5, and a copy of the blank Civil Rights Complaint Form to be used by non-prisoners proceeding *pro se*. ECF No. 8. Plaintiff was advised that should he fail to timely file an Amended Complaint **on or before July 23, 2021**, or in the alternative, explain why amendment is unnecessary, his initial Complaint would be subject to dismissal for lack of subject-matter jurisdiction, failure to state a claim, and failure to prosecute. ECF No. 8.[4] As of this date, Plaintiff has failed to comply with the Court's July 12, 2021 Order.

---

[4] Plaintiff was also ordered to file a Notice of Voluntary Dismissal (without prejudice) by July 23, 2021, if he decided not to proceed with this case, ECF No. 8 at 3, which he has not done.

## Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e).  The screening process under §1915A applies to non-*prisoner pro se* litigants who are proceeding *in forma pauperis*. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002).  A claim is frivolous, and must be dismissed, when it "lacks an arguable basis in either law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Cocoa-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, a court does not have "license to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain and action." GJR Invs. v. City of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (*overruled on other grounds by* Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868)).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell v. Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true…." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1951-53, 173 L.Ed.2d 868 (2009). To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . . The complaint's allegations must establish 'more than a sheer possibility that the defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## Discussion

Plaintiff purports to bring his case in federal court under 28 U.S.C. § 1331 or § 1346, or 42 U.S.C. § 1983. Plaintiff's Complaint is extremely scant on detail, alleging only that: "Nicole Gardner cause me stress giving

6

me letters of threatening nature of extortion must be saying I am a man or my property did some harm or damages," ECF No. 1 at 3, and that "Nicole is trying to administrate my property without any right. I say I cause no man or woman any harm or my property cause any harm." *Id.* at 4.  Plaintiff requested $402.00 in relief for "stress". *Id.* In response to this Court's Show Cause Order, the Plaintiff stated that he wished to "prosecutor (sic) this claim of trespass," requesting a jury trial. ECF No. 7 at 1.  The Court screened Plaintiff's complaint, identified multiple deficiencies, and provided Plaintiff three opportunities to file an amended complaint remedying the deficiencies.  ECF Nos. 5, 6, and 8. As of this date, Plaintiff has failed to remedy any of them.

The Complaint, filed on the proper court-approved form for *pro se* litigants, fails to demonstrate that the Court has subject matter jurisdiction over Plaintiff's claims. "The basic statutory grants of federal-court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331,1332. 28 U.S.C. Section 1331 provides for 'federal-question' jurisdiction, §1332 for 'diversity-of-citizenship jurisdiction.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  "A plaintiff properly invokes jurisdiction under §1331 when she pleads a colorable claim arising under the Constitution or laws of the United States…. She invokes §1332 jurisdiction when she presents a claim

between parties of diverse citizenship that exceeds the required jurisdictional amount…. §1332(a)." *Id.*  Plaintiff has failed to demonstrate that the Court has subject matter jurisdiction over his claims based on either "federal question" or "diversity-of-citizenship."[5] Plaintiff's Complaint does not plead a colorable claim arising under the Constitution or laws of the United States under §1331. *See* ECF No. 1. Furthermore, Plaintiff fails to allege either his citizenship or that of the defendants,[6] and his request for relief in the amount of four-hundred-and-two dollars ($402) does not satisfy the jurisdictional amount of $75,000 required by 28 U.S.C. § 1332(a).  *See* ECF No. 1.

Because Plaintiff has failed to demonstrate that the Court has original jurisdiction either pursuant to 28 U.S.C. § 1331 or § 1332, the Court lacks subject-matter jurisdiction over this case.  And, to the extent that Plaintiff attempts to allege any state law claims, this Court lacks jurisdiction over those as well.  *See* 28 U.S.C. § 1367(a) ('in any civil action of which the district courts have original jurisdiction, the district courts shall have

---

[5] Plaintiff makes no allegation against the United States under 28 U.S.C. § 1346.

[6] Plaintiff only gives Gainesville, Florida mailing addresses for himself and both defendants, but that does not meet the requirements of Section 1332. Diversity jurisdiction requires that "all" parties to an action be citizens of different states. 28 U.S.C. §1332(a).  Plaintiff makes no allegations as to any of the parties' citizenship here.

supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy").[7]

Finally, on the merits Plaintiff's Complaint fails to allege a claim under 42 U.S.C. § 1983 for at least two fundamental reasons. First, even though Plaintiff attempts to sue two city officials in their individual capacities, he has made no allegations in the Complaint that the officials were "state actors" acting under "color of state law."  Second, even if the court were to assume that the defendants constituted "state actors" acting under "color of state law," Plaintiff's §1983 claims still fail because the Complaint makes no mention of any federal constitutional right that was violated.

A successful section 1983 action requires a plaintiff to show that he was deprived of a federal right by a person acting "under color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).  A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state.  Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995) (citing West v. Atkins, 487 U.S. 42, 48-

---

[7] Plaintiff's state law claims also appear to be deficient, but the Court need not reach the issue for lack of original jurisdiction.

50 (1988)).  "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual."  *Id.* at 1523 (citing <u>Monroe v. Pape</u>, 365 U.S. 167, 183-84 (1961) (*overruled on other grounds by* <u>Monell v. Department of Social Servs.,</u> 436 U.S. 658 (1978))).  Plaintiff's Complaint is devoid of any allegations that any of the individually named Defendants acted pursuant to state authority or that any of them is a "state actor" who acted under "color of state law."  And even if the court were to assume that the defendants were acting as "state actors" under "color of state law," Plaintiff's §1983 claims still fail as discussed below.

To allege a claim under §1983, a plaintiff must allege facts supporting a violation of Plaintiff's federal constitutional rights. *See* <u>Yelvington v Fleming</u>, 2007 U.S. Dist. LEXIS 48232, at *10, 2007 WL 1970866 (M.D. Fla. Jul. 3, 2007) ("Section 1983 is not 'itself a source of substantive rights' rather, it provides 'a method for vindicating federal rights elsewhere conferred.' <u>Graham v. Connor</u>, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). To succeed with a §1983 claim, a plaintiff must show a violation of a right secured by federal law.").  In this case, Plaintiff's Complaint contains no mention that any of Plaintiff's federal constitutional rights were violated. Accordingly, Plaintiff's complaint on its face fails to

10

state a claim for relief under §1983 and, therefore, to the extent Plaintiff

intended to proceed under §1983, his complaint should be dismissed.

Finally, the Court has given Plaintiff three opportunities to amend the

Complaint, advising him of these deficiencies; yet Plaintiff has failed to

remedy any of them.  Providing Plaintiff with a fourth opportunity to remedy

the same deficiencies would therefore be futile.  *See* Brown v. Blackwater

River Corr. Facility, 762 F. App'x 982, 984-85 (11th Cir. 2019) (per curiam)

(finding no abuse of discretion in dismissing case for failure to comply with

multiple orders); *see also* Brown v. Tallahassee Police Dep't, 205 Fed.

App'x 802 (11th Cir. 2006) (per curiam) (upholding dismissal without

prejudice for failure to prosecute Section 1983 claims, where plaintiff failed

to follow court order to file amended complaint and court had informed

plaintiff that noncompliance could lead to dismissal).  "The court may

dismiss an action sua sponte under Rule 41(b) for failure to prosecute or

failure to obey a court order. Fed. R. Civ. P. 41(b)." Brown, 205 Fed. App'x

at 802 (citation omitted).

Accordingly, it is respectfully **RECOMMENDED** that this case should

be **DISMISSED** for lack of subject-matter jurisdiction, failure to state a

claim, and failure to prosecute.

**IN CHAMBERS** at Gainesville, Florida, this 28th day of July 2021.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**


**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**